UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| J. BENJAMIN ODOMS, | ) | |
| Plaintiff, | ) | 3:13-cv-00181-RCJ-WGC |
| vs. | ) | |
| NDOC UTILIZATION REVIEW PANEL, *et al.*, | ) | **ORDER** |
| Defendants. | ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*.

Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff shall not be required to pay an initial installment of the filing fee.

On July 26, 2013, the Court filed a screening order in this action, dismissing the complaint with leave to amend. (ECF No. 3). Plaintiff was granted thirty days in which to file an amended complaint curing the deficiencies of the complaint outlined in the screening order. (*Id.*). The thirty-day period has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

1    District courts have the inherent power to control their dockets and "in the exercise of that
2 power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson*
3 *v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice,
4 based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply
5 with local rules. *See, e.g. Pagtalunan v. Galaza,* 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of
6 habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a
7 court order); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with
8 local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
9 comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41
10 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court
11 apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for
12 failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
13 (dismissal for failure to prosecute and failure to comply with local rules).
14    In determining whether to dismiss an action for lack of prosecution, failure to obey a court
15 order, or failure to comply with local rules, a court must consider several factors: (1) the public's
16 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
17 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
18 (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642*; Thompson*, 782 F.2d at
19 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
20 *Ghazali*, 46 F.3d at 53.
21    This action has been pending since April 12, 2013. The Court finds that the first two factors,
22 the public's interest in expeditiously resolving this litigation and the Court's interest in managing the
23 docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in
24 favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
25 filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d
26 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their

merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Pagtalunan*, 291 F.3d at 643; *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an amended complaint within thirty days expressly stated: "It is further ordered that if plaintiff fails to file an amended complaint in accordance with this order, this action will be dismissed with prejudice." (ECF No. 3, at p. 8).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint within thirty days.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.  Plaintiff shall not be required to pay an initial installment of the filing fee.  Although this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account **(J. Benjamin Odoms, #11978)**, in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action.  The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office.  The Clerk shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** based on Plaintiff's failure to file an amended complaint in compliance with this Court's order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 15th day of October, 2013.

_____
UNITED STATES DISTRICT JUDGE